**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARILYN WALESKA MORALES CORO,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 25-1063

Agency No.
A220-378-267

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2026**

Before: N.R. SMITH, BUMATAY, and H.A. THOMAS, Circuit Judges.

Marilyn Morales Coro, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal of the

immigration judge's ("IJ") order denying her application for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the regulations implementing the Convention Against Torture ("CAT"). We review the BIA's decision, except to the extent that it relies on the IJ's reasoning; in that case we review both decisions. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). The agency's factual determinations are reviewed for "substantial evidence." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We deny the petition.

1. First, regarding her asylum and withholding of removal claims, substantial evidence supports the BIA determination that Morales failed to show that the Guatemalan government was or would be unable or unwilling to protect her from her former partner, Cardona, and his family. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i), 1231(b)(3)(A). For both claims, Morales must show that the past or prospective fear of persecution will be "committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010); *Siong v. INS*, 376 F.3d 1030, 1039 (9th Cir. 2004). Morales only fears persecution from Cardona and his family. And while Morales argues that the government is unable or unwilling to control them, this argument fails. She reported Cardona's domestic abuse to the police, who granted her a restraining order against him. But later, she withdrew her complaint and failed to report the violation of that restraining order. She has not shown that she gave the government an opportunity to intervene in her case. *See Bringas-Rodriguez v.*

*Sessions*, 850 F.3d 1051, 1070–71 (9th Cir. 2017). And as the record shows, the Guatemalan government has taken steps to combat domestic violence against women.

Second, Morales forfeited any challenge to the BIA's determination that she failed to show she cannot to safely relocate in Guatemala, and because she did not challenge it in her opening brief, she waives the issue here. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021). Since the ability to relocate is dispositive to asylum and withholding of removal, 8 C.F.R. §§ 1208.13(b)(3)(i), 1208.16(b)(3)(i), we uphold the BIA's denial of both claims.

2. Substantial evidence supports the BIA's finding that Morales failed to show a likelihood of future torture, or that the Guatemalan government would "consent or acquiescence" to her torture. 8 C.F.R. § 208.18(a)(1). CAT relief is "forward looking", and past harm alone does not alone establish future risk of torture. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705–06 (9th Cir. 2022). Cardona died after she fled the country. And her fear that his surviving family will seek her out for "revenge" is speculative. As we have explained, a speculative fear of torture is not enough for CAT relief. *Garcia v. Wilkinson,* 988 F.3d 1136, 1148 (9th Cir. 2021) (simplified). Also, Morales failed to show the government would condone or acquiesce to her torture. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (simplified). As already explained, the police recorded her complaint and

granted her a restraining order. A government that is actively "combat[ting] the illegal activities" alleged to be torture does not "acquiesce" to them. *Del Cid Marroquin v. Lynch,* 823 F.3d 933, 937 (9th Cir. 2016).

**PETITION DENIED.**[1]

---

[1] Petitioner's Motion to Stay Removal, Dkt. No. 2, is DENIED.

25-1063